HALL, Chief Judge,
dissenting.
Appellant filed a petition to remove the succession administrator as disqualified under LSA-C.C. Art. 3097. The district court found that the administrator was qualified as the nominee of an heir of an heir, a decision which the majority opinion upholds, and rejected appellant’s petition for removal.
In her appellate brief, appellant for the first time contends that the appointment of the administrator is invalid because no affidavit of death and domicile establishing the jurisdiction of the district court was filed with the petition to appoint an administrator. Appellant has not filed an exception of lack of jurisdiction and has not contended that the district court was, in fact, without jurisdiction. The issue is, then, wheth *760 er the failure to file the affidavit renders the appointment of the administrator invalid. The majority opinion holds that it does. I disagree.
Succession proceedings in a court without jurisdiction are null and void. But there is no contention here that the district court was without jurisdiction; no allegation that the decedent was not domiciled in the parish. The failure to file the affidavit which “may ” serve as proof of jurisdictional facts does not mean the court did not have jurisdiction; only that jurisdictional facts did not appear in the record at the time the order appointing the administrator was rendered.
I agree that the Code of Civil Procedure articles contemplate that proof of death and domicile, the jurisdictional facts, be made at the time a succession is opened, although there is no express provision to that effect as to petitions for administration of intestate successions. Such proof “may” be, and usually is, made by affidavit, but may be made by other means. The Code does not, however, provide that the failure to make such proof at the outset of the succession proceeding voids all subsequent proceedings. There is no case which so holds, except the present majority opinion, and there is no legal basis, statutory or jurisprudential, for that holding.
Wright v. Wright, cited in the majority opinion, is not on point. In that case there was an appeal from a default judgment setting aside a sale of property and sending heirs into possession of the property. The court of appeal reversed, finding the evidence insufficient to set aside the sale as a simulation or invalid donation and finding that several specific code requirements for the rendition of a judgment of possession had not been complied with. That case is in no way authority for the majority holding that the appointment of an administrator in the course of an on-going succession should be annulled because proof of jurisdictional facts was not made prior to the appointment.
The failure to comply with the procedural requirement of making proof of jurisdictional facts with the filing of the initial petition in a succession proceeding is easily curable. In our case, the appropriate affidavits were filed in the succession proceeding after the jurisdictional issue was raised on appeal. There is no question that the district court had and has jurisdiction of this succession proceeding. No one contends otherwise.
There is no good reason why the court’s appointment of an administrator should be nullified. There is good reason for requiring proof of jurisdictional facts to be made at the outset of a succession proceeding to reduce the risk of fraud and error as the majority opinion notes, particularly since succession proceedings are often conducted ex parte. However, it does not follow that a failure to comply with this procedural requirement voids subsequent proceedings in the succession, where the requisite jurisdictional basis exists in fact. No good reason exists for judicially imposing such a drastic penalty or consequence for the failure to file an affidavit of death and domicile with the initial petition. Good reasons exist for not doing so. For example, in this case an on-going succession proceeding is disrupted by the removal of the administrator, duly qualified and acting, leaving the succession in limbo at least temporarily and casting doubt on the validity of all acts of the administrator, such as the granting of an oil and gas lease which the record shows was done by the administrator with court approval.
The reasons for annulling a judgment are and should be narrowly limited. None of the grounds for annulling a judgment set forth in LSA-C.C.P. Arts. 2001 et seq. exist in this case and appellant did not bring an action to annul the judgment appointing the administrator. The only issue raised in the district court was whether the administrator was qualified under LSA-C.C. Art. 3097. The factual basis for the district court’s jurisdiction is not challenged, even on appeal. I question the authority of this court to nullify the judgment and to hold the appointment invalid on the basis of non-compliance with a pro *761 cedural requirement, absent a finding of lack of jurisdiction.
No grounds for disqualification or re-, moval of the administrator having been established, I would affirm the judgment of the district court dismissing appellant’s petition to remove the administrator.